UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:18-cv-00180 |
| ) | |
| $28,570.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Debra G. Richards, Assistant United States Attorney, alleges on information and belief as follows:

**NATURE OF THE ACTION**

1. This is a civil action seeking forfeiture of certain property pursuant to 21 U.S.C. § 881(a)(6) because the defendant property constitutes proceeds of, or is property used to facilitate a violation of, the Controlled Substances Act.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3. This Court has in rem jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest

property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 28 U.S.C. § 1395(a) and (b), in that the forfeiture accrued in the Southern District of Indiana, and the defendant is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The defendant is Twenty-Eight Thousand Five hundred and Seventy dollars and No Cents ($28,570.00) in United States Currency ("the Defendant Currency"). The Defendant Currency was taken into custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP").

## FACTS

6. On December 10, 2015, officers from the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), Indianapolis Metropolitan Police Department ("IMPD") and United States Customs and Border Protection Officers ("CBPO") conducted a bulk currency interdiction operation at a local parcel shipping company hub in Indianapolis.

7. Parcels may be identified by Task Force Officers as suspicious when they meet several characteristics that have been identified as those indicating usage of the mail delivery services by narcotics traffickers. For instance, a parcel may be mailed overnight to a state known to be a source for the importation of controlled substances. Overnight parcels are typically sent by a business to a business, not generally from one individual to another. Further, the label may be handwritten and not list a business account number. The labels are often missing a full name and/or do not provide a telephone number. Typically, individuals do not send packages by the

more expensive overnight delivery service.  Narcotics traffickers know that packages sent by delivery services, especially overnight deliveries, are protected from inspection without a search warrant.  Traffickers know that they can track parcels, control dispatch times and locations, and have a guarantee of delivery in one or more business days by using overnight or priority delivery.  They know that any delay may indicate a compromised parcel.  Traffickers will often package in a layered manner in an attempt to avoid detection by trained narcotics sniffing canines.  The layered packaging appears to be an attempt to mask or prevent any odors from escaping.  Traffickers rarely include any type of instruction with the proceeds.  Legitimate businesses or personal gifts contain such notes, letters, receipts, cards or coupons along with the cash or monetary instruments.

8. On or about December 10, 2015, during a routine outbound parcel interdiction operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7818 9996 1740 ("Parcel 1740" or the "Package"), was identified as suspicious.

9. Parcel 1740 was addressed to "S. Pete," 11763 West Yuma Street, Avondale, AZ 85323, with no telephone number indicated, and with a sender address of "Fred Hall," 11463 Palmer Avenue, Kansas City, MO  64134, TX# 816-682-1507.  The package was taped heavily and was being shipped to Arizona, known by law enforcement as a source for illegal controlled substances.  The package also drew attention because there was no first name listed for the recipient; it was marked for overnight delivery; it was paid for in cash; and it was sent between residences, with no business affiliation.

10. In addition, law enforcement was unable to find information on the sender of the parcel, Fred Hall.  The address of 11463 Palmer Avenue, Kansas City, MO, was not recognized

as a valid address by the United States Postal Service.  The telephone number provided for the sender, "Fred Hall," of "(816) 682-1507" was associated with "Gage L. Lathrop a/k/a Gage Reed Lathrop" of 2345 Grand Blvd 2400, Kansas City, MO, 64108, TX# (816) 292-2000.  The firm's website, http://www.lathropgage.com, lists no attorney with surname of Lathrop, Gage or Reed.

11. On December 10, 2015, a certified drug detection canine, handled by an Indianapolis Metropolitan Police Department ("IMPD") Officer, inspected Parcel 1740, along with other packages.  The examination resulted in a positive indication for the presence of the odor of a controlled substance.  Canine Hogan ("Hogan") has been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine.

12. Following the alert, Task Force Officers applied for a search warrant from the Marion County Superior Court.  Following review, on December 10, 2015, the Marion County Superior Court, Criminal Division, granted a warrant to search Parcel 1740 for controlled substances, records of drug trafficking, and proceeds of drug trafficking.

13. The officers executed the warrant to open Parcel 1740.  Inside the package was a plastic toolbox, which was wrapped in bubble-wrap, and padlocked.  Inside of the toolbox was a heat/vacuum sealed plastic bag that contained bundles of United States Currency.  No note, instructions, or other documents were included with the Currency.  As discussed above, this multi-layered packaging is a common method to bundle United States Currency and drugs in an attempt to thwart a dog "sniff."  Officers allowed Hogan to smell the United States Currency and he alerted a second time to scent of a controlled substance.  Believing the money constituted proceeds of, and/or was property used to facilitate violations of the Controlled Substances Act, the $28,570.00 was seized and taken into custody by Indiana State Police ("ISP").

14. Law enforcement database records show that Stanford Pete a/k/a Stanford L. Pete ("Stanford Pete") and/or Darnell Pete a/k/a Darnell L. Pete a/k/a Darnell Lamar Pete a/k/a Darnell Gete ("Darnell Pete"), are associated with the recipient address of 11763 West Yuma Street, Avondale, AZ.

15. On December 10, 2015, the Defendant Currency was seized by the ISP and converted to a cashier's check in the amount of $28,570.00.  On March 15, 2016, the Marion County Superior Court, Civil Division, issued its order transferring the Defendant Currency to the appropriate federal authority.  *See* Marion County Superior Court, Civil Division, Docket 49G02-1602-MI-005953.  In this case the Defendant Currency was transferred to the United States Immigration and Customs Enforcement, Homeland Security Investigations ("ICE-HSI") who subsequently transferred the Defendant Currency to DHS-CBP.

16. DHS-CBP did not initiate administrative forfeiture proceedings concerning the Defendant Currency.

17. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. See Federal Express Rule, FXF 100 Rules Tariff.

PERTINENT STATUTES

18. Under 21 U.S.C. § 841(a)(1)-(2), it is a federal crime for any person to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense a controlled substance.

19. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United

States, and no property right shall exist in them.

## PRAYER FOR RELIEF

Based on the factual allegations set forth above, there is probable cause to believe that the Defendant funds are "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and are therefore subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the defendant funds pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States for disposition according to law; and the United States be granted any relief this Court may deem just and proper.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/ Debra G. Richards*
Debra G. Richards
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question (U.S. Government Not a Party)
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 370 Other Fraud | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 371 Truth in Lending | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal Property Damage | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - Alien Detainee | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | ❏ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- X 1 Original
- ❏ 2 Removed from Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA， ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  1:18-cv-00180 |
| ) | |
| $28,570.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**<u>WARRANT FOR ARREST OF PROPERTY</u>**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 22nd day of January, 2018, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against twenty-eight thousand five hundred seventy ($28,570.00) in United States Currency; ("defendant currency"), defendant herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency into the possession of the United States of America, to be detained in the possession of the United States until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____          _____
                                Laura A. Briggs, Clerk
                                United States District Court
                                Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.